UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br>    Plaintiff/<br>    Counter-defendant,<br><br>    v.<br><br>KWASNIK, KANOWITZ &<br>ASSOCIATES, P.C., MICHAEL W.<br>KWASNIK, ROBERT J. KELTOS,<br>and HOWARD Z. KANOWITZ,<br>    Defendants/<br>    Counter-claimants/<br>    Crossclaimants. | CIVIL NO. 12-722(NLH)(AMD)<br><br>OPINION |

**Appearances:**

ROBERT F. WALSH
MICHAEL E. DI FEBBO
WHITE AND WILLIAMS LLP
1650 MARKET STREET
ONE LIBERTY PLACE
SUITE 1800
PHILADELPHIA, PA 19103

    On behalf of plaintiff

MICHAEL W. KWASNIK
623 KATER STREET
PHILADELPHIA, PA 19147

    On behalf of defendant KWASNIK, KANOWITZ & ASSOCIATES, P.C.
    and himself *pro se*[1]

ROBERT J. KELTOS
LAW OFFICES OF LYNDA L. HINKLE LLC
1 EVES DRIVE
SUITE 169
MARLTON, NJ 08053

---

    [1] See note 2.

On behalf of himself *pro se*

HOWARD ZELIG KANOWITZ
Howard Z. Kanowitz, Attorney at Law
4 Gettysburg Drive
Voorhees, NJ 08043

On behalf of himself *pro se*

**HILLMAN**, District Judge

This matter has come before the Court on the motions of plaintiff to dismiss the counterclaims, crossclaims, and third-party complaint brought by defendants Michael W. Kwasnik and Kwasnik, Kanowitz & Associates, P.C. For the reasons expressed below, plaintiff's motions will be granted in part and denied in part.

## BACKGROUND

Plaintiff, Colony Insurance Company, issued a lawyers professional liability insurance policy to defendant Kwasnik, Kanowitz & Associates, P.C. ("KKA"), and that policy purportedly insured defendants Michael W. Kwasnik, Robert J. Keltos, and Howard Z. Kanowitz, who were attorneys at the firm. Colony filed the instant suit against the defendants seeking a rescission of the policy, a declaration that the policy is void *ab initio*, and damages under the New Jersey Insurance Fraud Prevention Act, N.J.S.A. 17:33A et seq., as a result of Kwasnik's alleged fraud in the application process. Specifically, Colony claims that Kwasnik fraudulently and intentionally misrepresented that neither he nor

2

anyone else in the firm had been the subject of an ethics complaint, when Kwasnik was actually the subject of a pending disciplinary proceeding for misappropriation of client funds at that time.[2]

Kwasnik and KKA filed four counterclaims against Colony for deceptive trade practices, fraud, breach of contract, and breach of duty to defend.  They seek compensatory and punitive damages.  In addition, Kwasnik and KKA filed crossclaims against Keltos and Kanowitz for "intentional acts," negligence, false witness, and false light.  Kwasnik and KKA also filed a third-party complaint against the controller of the firm and the office manager of the firm, claiming that they misused Kwasnik's signature stamp and misappropriated client funds.[3]  Keltos and Kanowitz answered Colony's complaint and filed crossclaims against Kwasnik and KKA.

---

[2] Kwasnik has since been suspended from the practice of law in New Jersey and Pennsylvania.  This is relevant to this case because Kwasnik entered his appearance as defense counsel for Kwasnik, Kanowitz & Associates, P.C. prior to his suspension in Pennsylvania.  The entity of Kwasnik, Kanowitz & Associates, P.C. may not appear *pro se*, and it may not be represented by anyone not licensed to practice law. U.S. v. Cocivera, 104 F.3d 566, 572 (3d Cir. 1996)("'It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel.'")(quoting Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993)).  As discussed more fully below, the Court will issue an Order directing KKA to show cause why its claims should not be dismissed for its failure to have legal counsel.

[3] It does not appear that these two individuals have been served with the third-party complaint, and they have not appeared in the action.

Colony has moved to dismiss Kwasnik and KKA's request for punitive damages, as well as their counterclaims, except for breach of contract. Colony has also moved to dismiss Kwasnik and KKA's third-party complaint and four of their five crossclaims, arguing that they are outside the scope of Colony's claims against them.[4] Kwasnik has opposed the motions, but, as previously noted, <u>see</u> note 2, because KKA is no longer represented by Kwasnik or any other counsel, it has not filed any opposition.

## DISCUSSION

**A.    Jurisdiction**

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.

**B.    Standard for Motion to Dismiss**

When considering a motion to dismiss a complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6), a court must accept all well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff. <u>Evancho v. Fisher</u>, 423 F.3d 347, 351 (3d Cir. 2005). It is well settled that a pleading is

---

[4] The other two individual defendants, Keltos and Kanowitz, have not expressed any opinion as to whether Kwasnik and KKA's crossclaims against them should be dismissed. The fact that Colony - and not Keltos or Kanowitz - has moved to dismiss Kwasnik and KKA's crossclaims against Keltos and Kanowitz is discussed below.

sufficient if it contains "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under the liberal federal pleading rules, it is not necessary to plead evidence, and it is not necessary to plead all the facts that serve as a basis for the claim. Bogosian v. Gulf Oil Corp., 562 F.2d 434, 446 (3d Cir. 1977). However, "[a]lthough the Federal Rules of Civil Procedure do not require a claimant to set forth an intricately detailed description of the asserted basis for relief, they do require that the pleadings give defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 149-50 n.3 (1984) (quotation and citation omitted).

A district court, in weighing a motion to dismiss, asks "'not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim.'" Bell Atlantic v. Twombly, 127 S. Ct. 1955, 1969 n.8 (2007) (quoting Scheuer v. Rhoades, 416 U.S. 232, 236 (1974)); see also Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) ("Our decision in Twombly expounded the pleading standard for 'all civil actions' . . . ."); Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) ("Iqbal . . . provides the final nail-in-the-coffin for the 'no set of facts' standard that applied to federal complaints before Twombly.").

5

Following the Twombly/Iqbal standard, the Third Circuit has instructed a two-part analysis in reviewing a complaint under Rule 12(b)(6).  First, the factual and legal elements of a claim should be separated; a district court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Fowler, 578 F.3d at 210 (citing Iqbal, 129 S. Ct. at 1950).  Second, a district court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "'plausible claim for relief.'"  Id. (quoting Iqbal, 129 S. Ct. at 1950).  A complaint must do more than allege the plaintiff's entitlement to relief.  Id.; see also Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (stating that the "Supreme Court's Twombly formulation of the pleading standard can be summed up thus: 'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element.  This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element").  A court need not credit either "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendant bears the burden of showing that no claim has been presented.  Hedges v. U.S., 404 F.3d 744, 750 (3d Cir. 2005)

(citing Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991)).

Finally, a court in reviewing a Rule 12(b)(6) motion must only consider the facts alleged in the pleadings, the documents attached thereto as exhibits, and matters of judicial notice. Southern Cross Overseas Agencies, Inc. v. Kwong Shipping Group Ltd., 181 F.3d 410, 426 (3d Cir. 1999).  A court may consider, however, "an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."  Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993). If any other matters outside the pleadings are presented to the court, and the court does not exclude those matters, a Rule 12(b)(6) motion will be treated as a summary judgment motion pursuant to Rule 56.  Fed. R. Civ. P. 12(b).

**C.   Analysis**

    1.   *Plaintiff's motion to dismiss Kwasnik and KKA's counterclaims*

As noted above, Kwasnik and KKA have asserted counterclaims against Colony for deceptive trade practices, fraud, breach of contract, and breach of duty to defend.  They also seek punitive damages.  Colony has moved to dismiss those claims, except for breach of contract, arguing that the pleadings are deficient and the claims are not viable.  The Court agrees with Colony that

7

those counterclaims should be dismissed.[5]

The whole of Kwasnik and KKA's counterclaims and basis for punitive damages is as follows:  Kwasnik and KKA paid for insurance coverage, Colony has now claimed that they have no coverage, and this action by Colony is "willful, wanton, and reckless," and constitutes deceptive trade practices, fraud, and beach of duty to defend.  These allegations are simply impermissible "bald assertions" and "legal conclusions" that fail to comply with the minimum pleading requirements.[6]

In his opposition to Colony's motion, Kwasnik argues against the merits of Colony's claims against him - namely, how he did not provide a false response to question 13(c) on the Colony professional liability policy application.  Based on his explanation of how he truthfully answered that question, Kwasnik claims that Colony's attempt to rescind the policy and declare it void supports his counterclaims.

---

[5] It is not clear whether New Jersey or Pennsylvania law applies to this case.  A choice-of-law analysis does not need to be performed, however, in order to resolve Colony's motions since the claims fail to meet even the most basic of pleading standards.

[6] Moreover, Federal Rule of Civil Procedure 9(b) requires that fraud be plead with particularity. See Fed. R .Civ. P. 9(b); see also Kanter v. Barella, 489 F.3d 170 (3d Cir. 2007) (stating that the heightened pleading requirements for fraud require that facts be plead with particularity such as the "who, what, when, where, and how" of the events at issue).  Even if the claims had survived application of the Twombly/Iqbal standard, Kwasnik and KKA have not met this heightened pleading standard.

Kwasnik's attempt to add factual support to his deficient claims is impermissible. Insufficiencies in Kwasnik's claims as pled cannot be cured by a brief or other documents submitted in opposition to Colony's motion. Rather, the mechanism for curing pleading deficiencies is to follow Fed. R. Civ. P. 15(a). See Ranke v. Sanofi-Synthelabo, Inc., 436 F.3d 197, 206 (3d Cir. 2006)(upholding the district court's dismissal of plaintiffs' complaint because plaintiffs did not file a formal motion for leave to amend and stating that if plaintiffs "had been in possession of facts that would have augmented their complaint and possibly avoided dismissal, they should have pled those facts in the first instance").

Consequently, because of their failure to sufficiently plead viable claims, all of Kwasnik and KKA's counterclaims, except for the breach of contract claim, and their request for punitive damages[7] must be dismissed.[8]

---

[7] Because punitive damages are not available for breach of contract, Kwasnik and KKA's request for punitive damages must be dismissed as well. See Lightning Lube, Inc. v. Witco Corp., 4 F.3d 1153, 1194 (3d Cir.1993) (punitive damages are not recoverable under New Jersey law for breach of contract); Smith v. Harleysville Ins. Co., 418 A.2d 705, 706 (Pa. 1980) ("The law in Pennsylvania has always been that punitive damages cannot be recovered for breach of contract."), aff'd, 431 A.2d 974 (1981).

[8] KKA's breach of contract counterclaim against Colony therefore also remains pending. KKA, however, cannot pursue a breach of contract counterclaim without counsel, as noted in note 2. This issue is addressed below.

9

### 2. *Colony's motion to dismiss Kwasnik and KKA's third-party complaint and crossclaims*

Colony has moved to dismiss the crossclaims Kwasnik and KKA have lodged against co-defendants Kanowitz and Keltos, as well as the third-party complaint Kwasnik and KKA have filed against the firm's former office manager and controller. Colony argues that those claims are not within the scope of Colony's claims, and they therefore do not belong in this case.

In their cross and third-party claims, Kwasnik and KKA contend that Kanowitz, Keltos, the officer manager, and the controller misappropriated client funds, and this misappropriation of funds spawned ethics investigations and state court suits against them. Kwasnik and KKA also claim that Kanowitz improperly prepared the application for the Colony insurance policy,[9] and he gave false information and testimony in the state ethics and state court proceedings.

Federal Civil Procedure Rule 14 governs third-party complaints. It provides, "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it." Fed. R. Civ. P. 14(a)(1). "A third-party claim may be asserted under Rule 14(a) only when the third party's liability is in some

---

[9] This allegation forms the basis of cross-claim Count III (Negligent Preparation of Liability Policy Application).

way dependent on the outcome of the main claim or when the third party is secondarily liable to defendant. If the claim is separate or independent from the main action, impleader will be denied." F.D.I.C. v. Bathgate, 27 F.3d 850, 873 (3d Cir. 1994) (citing C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1446, at 355-58 (1990)).

Federal Civil Procedure Rule 13(g) governs crossclaims. It provides, "A pleading may state as a crossclaim any claim by one party against a coparty if the claim arises out of the transaction or occurrence that is the subject matter of the original action or of a counterclaim . . . . The crossclaim may include a claim that the coparty is or may be liable to the cross-claimant for all or part of a claim asserted in the action against the cross-claimant." Fed. R. Civ. P. 13(g). "[T]he general policy behind allowing crossclaims is to avoid multiple suits and to encourage the determination of the entire controversy among the parties before the court with a minimum of procedural steps." C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1431 (3d ed.). Rule 13(g) "does not authorize the assertion of every claim that might exist between coparties," and the decision whether to allow a crossclaim is a matter of judicial discretion. Id.

As a primary matter, it is unclear whether Colony has standing to move for the dismissal of claims that are not asserted

against it.  Even though Colony argues that these cross and third-party claims are unrelated to its claims, and they will only serve to exceed the scope of its case and bog down the entire matter, the targets of the cross and third-party claims have not moved for the dismissal of those claims against them.  The Court questions whether the effect of the cross and third-party claims on the scope of the case instituted by Colony gives Colony the ability to argue for their dismissal.

Regardless, however, of the propriety of Colony's motion, the Court has discretion to independently review the sufficiency of these claims and otherwise determine whether they are proper.  See Bryson v. Brand Insulations, Inc., 621 F.2d 556, 559 (3d Cir. 1980) (holding that a "district court may on its own initiative enter an order dismissing the action provided that the complaint affords a sufficient basis for the court's action"); National Fire Ins. Co. of Hartford v. Universal Janitorial Supply Corp., 2006 WL 892291, *4-5  (D.N.J. 2006) (citing Bryson) (noting the defendants' argument that the plaintiff may not move to dismiss their third-party complaint against third-party defendants, and proceeding instead on the notion that a court may, sua sponte, dismiss the complaint where the inadequacy of the complaint is clear).

The Court finds that Kwasnik and KKA's third-party complaint must be dismissed, and all but one of their crossclaims must be

dismissed as well.  First, with regard to the third-party complaint, Kwasnik and KKA contend that the firm's former office manager and controller misappropriated client funds and wrongfully used Kwasnik's signature stamp, and this caused Kwasnik and KKA to be damaged.  Even assuming that this allegation complies with the Iqbal/Twombly pleading standard, it is not derivative of Colony's claims against Kwasnik and KKA.  Colony seeks a rescission of the professional liability insurance policy because Kwasnik was allegedly untruthful in answering an application question regarding whether any ethics complaints had been filed against him.  Whether the former office manager or controller were responsible for the misappropriation of client funds, which purportedly served as the basis for the ethics complaint, is immaterial to whether Kwasnik knew of a pending ethics complaint when he completed the application.  Stated another way, the former office manager and controller could be found liable to Kwasnik if Kwasnik (1) is found liable for misappropriation of client funds, and (2) he proves that they, not he, stole those funds.  The outcome of those issues has no bearing, however, on Kwasnik's obligations to Colony under the insurance contract.  As a result, the third-party complaint does not comply with Fed. R. Civ. P. 14(a)(1), and it therefore must be dismissed.[10]

---

[10] Although federal courts generally exercise supplemental jurisdiction over a properly brought third-party complaint, where a third-party complaint is not properly brought, this Court has no subject matter jurisdiction, and the complaint must be

With regard to Kwasnik and KKA's crossclaims against co-defendants Kanowitz and Keltos, four of the five crossclaims must be dismissed. Kwasnik and KKA claim that Kanowitz and Keltos intentionally and negligently misrepresented the firm's clients, ostensibly resulting in ethics and state court suits against Kwasnik and KKA. They also claim that Kanowitz provided false information to investigators and the state court regarding Kwasnik's actions.

The Court finds that the conduct of the firm and its attorneys that forms the basis for the ethics complaints and state court actions goes beyond the subject matter of what is essentially a breach of contract case. Colony seeks to have the professional liability insurance policy issued to Kwasnik, Kanowitz, Keltos and KKA declared void and rescinded because of an allegedly fraudulent statement on the application. Kwasnik has asserted a counterclaim against Colony for breach of contract, arguing that Colony owes him coverage under the policy. Kanowitz and Keltos have asserted crossclaims against Kwasnik contending that Kwasnik is solely liable for the fraudulent statement on the insurance application form. Kwasnik crossclaims that Kanowitz is

---

dismissed. Tactix Real Estate Advisors LLC v. Taub, 2011 WL 830265, *2 (D.N.J. 2011) (citing Santana Prod., Inc. v. Bobrick Washroom Equip., Inc., 69 F. Supp. 2d 678, 690 (M.D. Pa. 1999) (a third-party complaint that does not set forth a basis for derivative or secondary liability "is not proper under Rule 14 and thus falls outside of this Court's ancillary jurisdiction") (other citations omitted)).

responsible.  The resolution of who is responsible for the actions that served the basis for the ethics complaints and state court actions is not necessary to the resolution of whether an answer to a question on an insurance policy application results in the rescission of the policy.  Consequently, counts one, two, four and five[11] of Kwasnik and KKA's crossclaims against Kanowitz and Keltos must be dismissed.[12]

## CONCLUSION

For the reasons expressed above, Colony's motion to dismiss Kwasnik and KKA's request for punitive damages, and their counterclaims, except for breach of contract, will be granted. The Court, sua sponte, will dismiss without prejudice Kwasnik and KKA's third-party complaint.  The Court, sua sponte, will also dismiss without prejudice Kwasnik and KKA's crossclaims, except for "count three" against Kanowitz.[13]  Colony's motion to dismiss

---

[11] The same can not be said for the claims centering on which attorney may have made, or been responsible for, any false statements made on the policy.  As noted previously, see Note 9, this allegation forms the basis for cross-claim Count III which will remain in the case.

[12] As with KKA's counterclaims, the viability of KKA's remaining crossclaim is uncertain due to KKA's lack of legal representation.

[13] The dismissal of the third-party complaint and crossclaims does not necessarily preclude Kwasnik from pursuing these claims in an independent action.  See C.A. Wright, A. Miller, M.K. Kane, Federal Practice and Procedure, Vol. 6, § 1431 (3d ed.) ("A party who decides not to bring a claim under Rule 13(g) will not be barred by res judicata, waiver, or estoppel from asserting it in a later action. . . ."); Kelley v. Edison

Kwasnik and KKA's third-party complaint and crossclaims will be denied as moot.

The claims remaining in the case are as follows:

(1) All of Colony's claims against Kwasnik, Kanowitz, Keltos and KKA;

(2) Kwasnik's counterclaim against Colony for breach of contract;

(3) KKA's counterclaim against Colony for breach of contract;

(4) Kwasnik's crossclaim ("count three") against Kanowitz;

(5) KKA's crossclaim ("count three") against Kanowitz;

(6) Kanowitz's crossclaims against Kwasnik and KKA; and

(7) Keltos' crossclaims against Kwasnik and KKA.

As noted above, because KKA is not represented by counsel, it does not currently have the ability to pursue its counterclaim and crossclaim.[14]  Even though counsel for Colony presents a declaration that indicates that KKA has no intention of retaining a lawyer and pursuing its claims, this Court will order KKA to show cause why its claims should not be dismissed for its failure

---

Twp., 377 F. Supp. 2d 478, 484-85 (D.N.J. 2005) (dismissing third-party complaint without prejudice so that the defendant could refile his claims in state court and pursue any of the state law remedies available to him in state court).

[14] The Court will allow counsel for Colony to proceed as it deems proper on its claims against KKA should it remain unrepresented.

to obtain a lawyer to represent it.

    An appropriate Order will be entered.

Date: December 4, 2012            s/ Noel L. Hillman  
  At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.