[Doc. No. 68]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>KWASNIK, KANOWITZ &<br>ASSOCIATES, P.C., et al.,<br><br>Defendants. | Civil No. 12-722 (NLH/AMD) |

### REPORT AND RECOMMENDATION

This matter comes before the Court by way of motion [Doc. No. 68] of Plaintiff Colony Insurance Company (hereinafter, "Colony") to strike Defendant Michael Kwasnik's (hereinafter, "Defendant") answer and remaining counterclaim for breach of contract[1] and enter default judgment against him on the claims asserted in Colony's complaint, to hold Defendant in civil contempt, to order him to appear for a deposition at Plaintiff's counsel's office in New Jersey, to impose an appropriate monetary penalty in the event Defendant fails to comply, and to award fees and costs in connection with this

---

[1] By way of Order and Opinion dated December 5, 2012, the District Court dismissed all of Defendant's counterclaims against Plaintiff except Defendant's counterclaim for breach of contract. (Opinion [Doc. No. 40], 16, Dec. 5, 2012.)

motion. (Pl. Colony Ins. Co.'s Br. in Supp. of Mot. for Sanctions against Defendant Michael Kwasnik and to hold him in Civil Contempt [Doc. No. 68-1] (hereinafter, "Pl.'s Br."), 2, 11.) This motion will be determined on a Report and Recommendation basis pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) because of the dispositive nature of the request. The Court has considered Plaintiff's submissions and notes that no opposition has been filed. For the reasons set forth herein, the Court recommends that Plaintiff's motion be granted in part, denied without prejudice in part, and dismissed as moot in part.

The background of this case has been set forth in the District Court's Opinion dated December 5, 2012 and this Court's Order dated May 7, 2013 and shall not be repeated herein. (Opinion [Doc. No. 40] Dec. 5, 2012; Order [Doc. No. 63] May 7, 2013.) Rather, the Court shall set forth only the facts relevant to the current motion. By Order dated May 7, 2013, this Court granted Plaintiff's motion to compel the deposition of Defendant. (Order [Doc. No. 63] 10, May 7, 2013.) In granting Plaintiff's motion, the Court ordered that the deposition of Defendant occur no later than May 25, 2013. (Id.) The May 7, 2013 Order noted Plaintiff's repeated attempts to schedule the deposition of Defendant,[2] and directed that,

---

[2] The May 7, 2013 Order provided, in relevant part:

"failure to comply with this Court's Order may be deemed a contempt of court and may result in the imposition of sanctions." (Order [Doc. No. 63] 10, May 7, 2013.)

Plaintiff asserts that following the Court's May 7, 2013 Order, Plaintiff's counsel "immediately served a Deposition

---

> Plaintiff asserts that after the originally scheduled deposition was postponed based on other Defendants' requests, Plaintiff sought potential dates from Kwasnik to reschedule the deposition. (Id. at 1-2.) Plaintiff asserts that it never received dates from Kwasnik in response to this request and that Kwasnik represented to the Court at a status conference on September 7, 2012 that because of an ongoing criminal investigation, Kwasnik would invoke his Fifth Amendment privilege if deposed. (Id. at 2.) Plaintiff disputes the applicability of the Fifth Amendment privilege, but asserts that Plaintiff initially agreed to postpone Kwasnik's deposition until after Kwasnik's criminal trial which was scheduled for early February 2013. (Id. at 2.) However, Plaintiff asserts that the trial was adjourned and a plea agreement has since been reached. (Id. at 3.) Following the adjournment, Plaintiff noticed Kwasnik's deposition for January 30, 2013. (Id. at 3.) Despite multiple attempts to confirm the date of the deposition, Kwasnik failed to appear at the January 30, 2013 deposition. (Id.) Plaintiff asserts that in a letter sent by regular mail and received by Plaintiff on January 30, 2013, Kwasnik indicated his intention not to appear at the noticed deposition and stated that he would appear for a deposition between February 18 and February 28. (Id.) Plaintiff then sought a court order directing Kwasnik to appear at a February 19, 2013 deposition. (Id.) However, at a February 14, 2013 telephone conference with the Court, Kwasnik indicated that he would not appear for a deposition in February because his counsel in his criminal case advised him not to offer any testimony until after his sentencing. (Id. at 3.)

(Order [Doc. No. 63], May 7, 2013 (citing Pl.'s Br. in Supp. of its Mot. to Compel [Doc. No. 56-1]).)

Notice upon Kwasnik requiring him to appear for deposition on May 17, 2013." (Pl.'s Br. 1.) Plaintiff further asserts that "Kwasnik failed to appear at the May 17 Court Ordered deposition" and "never made any attempt – either before or after the scheduled deposition date – to contact Colony's counsel to offer an explanation as to why he did not appear at this Court Ordered deposition." (Id. at 2.) In light of Defendant's alleged violation of the Court's Order dated May 7, 2013, Plaintiff now seeks sanctions pursuant to the Federal Rules of Civil Procedure. (Id. at 1-2.)

The Federal Rules of Civil Procedure provide for the striking of a pleading and the rendering of default judgment if a party fails to obey an order to provide or permit discovery. See FED. R. CIV. P. 37(b)(2)(A)(iii), (vi). FED. R. CIV. P. 37(b)(2)(A) provides in relevant part:

> If a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
> . . .
> (iii) striking pleadings in whole or in part;
> . . .
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

4

Fed. R. Civ. P. 37(b)(2)(A). However, "'[d]ismissals with prejudice or defaults are drastic sanctions, termed 'extreme' by the Supreme Court, and are to be reserved for such cases." Chiarulli v. Taylor, No. 08-4400, 2010 WL 1371944, at *2 (D.N.J. Mar. 31, 2010)(quoting Poulis v. State Farm Fire & Cas. Co., 747 F.2d 863, 867-68 (3d Cir. 1984)), adopted by, 2010 WL 1566316 (D.N.J. Apr. 16, 2010).

"In deciding whether sanctions that 'deprive a party of the right to proceed with or defend against a claim' are appropriate, the Court considers the following factors set forth by the Third Circuit in Poulis v. State Farm Fire & Cas. Co." Id. The factors set forth in Poulis are:

   (i)  the extent of the party's personal responsibility;

   (ii) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

   (iii) a history of dilatoriness;

   (iv) whether the conduct of the party or the attorney was willful or in bad faith;

   (v)  the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

   (vi) the meritoriousness of the claim or defense.

Poulis, 747 F.2d at 868. In addressing the six factors, the Court notes that "Poulis requires the District Court only to balance the six factors and does not set one factor forth as

5

determinative." Chiarulli, 2010 WL 1371944, at *4 (citing Poulis, 747 F.2d at 868-70). Additionally, "[e]ach factor need not be satisfied for the . . . court to dismiss a claim." Ware v. Rodale Press, Inc., 322 F.3d 218, 221 (3d Cir. 2003).

Under the first Poulis factor, the Court considers the extent of the parties' personal responsibility. Here, the Court finds Defendant to be personally responsible for his failure to appear at his deposition. Plaintiff asserts that a Deposition Notice and a copy of this Court's May 7, 2013 Order were sent to Defendant's Philadelphia address via hand-delivery and Defendant's Florida address via Federal Express. (Pl.'s Br. 3.) Plaintiff attached to counsel's declaration delivery confirmations for the deliveries of a cover letter, the Court's May 7, 2013 Order, and the Deposition Notice sent to Defendant's Philadelphia address and his Florida address. (Declaration of Robert Walsh in Supp. of Pl.'s Mot. [Doc. No. 68-2] ¶¶ 4-5 Ex. B, C.)[3] The Court first notes that Defendant's Florida address on Biscayne Blvd. in Aventura, Florida corresponds to Defendant's address as set forth on the docket. The Court

---

[3] Plaintiff's counsel states that the initial Federal Express package sent to Defendant at his Florida address and delivered on May 8, 2013 was addressed to Michael Kanowitz. (Walsh Declaration ¶ 5.) Plaintiff's counsel further states that on May 8, 2013, he caused another copy of the cover letter, Court Order, and Deposition Notice to be sent to Michael Kwasnik at his Florida address by Federal Express. (Id.) The delivery confirmation provides that the Federal Express package sent to Michael Kwasnik was delivered on May 9, 2013. (Id. ¶ 5, Ex. C.)

further notes that on April 2, 2013 Defendant opposed Plaintiff's motion to compel his deposition with an opposition brief containing a heading with Defendant's Florida address. (See Def.'s Opp'n to Pl.'s Mot. to Compel the Deposition of Michael Kwasnik [Doc. No. 61].) In addition, Defendant's June 3, 2013 letter to Plaintiff's counsel, which Plaintiff provided to the Court as Exhibit A to Plaintiff's June 10, 2013 letter, was sent in an envelope that includes Defendant's Florida address as the return address. (Letter from Plaintiff [Doc. No. 64], Ex. A.) Consequently, the Court finds that Defendant is personally responsible for his failure to appear.

The Court notes that Defendant is proceeding pro se and was formerly a practicing attorney. However, proceeding pro se does not shield a litigant from personal responsibility. See, e.g. Shandex Indus. Inc. v. Vent Right Corp., No. 09-4148, 2011 WL 6132439, at *4 (D.N.J. Dec. 8, 2011) (holding the defendant, a pro se litigant, personally responsible for failure to comply with court orders and failure to appear without explanation); Hoxworth v. Blinder, Robinson & Co., Inc., 980 F.2d 912, 920 (3d Cir. 1992) (noting that, as pro se litigants, defendants "had personal responsibility for the conduct of the litigation").

Defendant filed a petition for bankruptcy in the Southern District of Florida on June 3, 2013, which petition was

7

dismissed by Order dated on June 14, 2013. (Order Dismissing Case for Failure of Debtor to Correct Filing Deficiency [Doc. No. 66] Ex. A.) By letter dated June 10, 2013, Plaintiff informed the Court of Defendant's bankruptcy. (Pl.'s Counsel's June 10, 2013 Letter to the Court [Doc. No. 64].) Due to the pendency of the bankruptcy proceeding, the Court entered an Order of administrative termination on June 18, 2013. (Order [Doc. No. 65] Jun. 18, 2013.) Thereafter, by letter dated June 19, 2013, Plaintiff informed the Court of the dismissal of Defendant's bankruptcy case. (Pl.'s Counsel's June 19, 2013 Letter to the Court [Doc. No. 66].) On June 24, 2013, the Court vacated its Order of administrative termination and reopened this action. (Order [Doc. No. 67] Jun. 24, 2013.) The disputed deposition was scheduled to occur prior to the filing of Defendant's bankruptcy petition. The motion for sanctions was filed subsequent to the dismissal of Defendant's bankruptcy petition. Therefore, the bankruptcy case has no bearing on the Court's analysis under Poulis.[4]

---

[4] As set forth infra, filing a motion to vacate an order dismissing a bankruptcy proceeding does not reinstate the automatic stay, which terminated once the bankruptcy case was dismissed by Order dated June 14, 2013. See In re Hill, 305 B.R. 100, 104, 108 (Bankr. M.D. Fla. Apr. 4, 2003) (noting that an order of dismissal terminates "the automatic stay of § 362 of the Bankruptcy Code" and that a "motion to vacate the order of dismissal does not stay the effectiveness of the order dismissing the case.").

As this Court noted in <u>Chiarulli</u>, "[u]nder the second <u>Poulis</u> factor, the Court examines the prejudice to other parties caused by the delay, including considering whether the party's conduct has resulted in 'extra costs, repeated delays, and the need to file additional motions in response to the abusive behavior of the responsible party.'" 2010 WL 1371944, at *3 (quoting <u>Huertas v. City of Phila.</u>, Civ. A. No. 02-7955, 2005 WL 226149, at *3 (E.D. Pa. Jan. 26, 2005), <u>aff'd</u>, 139 F. App'x 444 (3d Cir.), <u>cert. denied</u>, 546 U.S. 1076 (2005)). "A party may also be prejudiced if its 'ability to prepare effectively a full and complete trial strategy' is impeded." <u>Chiarulli</u>, 2010 WL 1371944, at *3 (citing <u>Ware v. Rodale Press, Inc.</u>, 322 F.3d 218, 222 (3d Cir. 2003)). As set forth <u>supra</u>, Plaintiff has made several attempts to take Defendant's deposition. After the cancellation of the initial deposition date due to a request by other Defendants, Plaintiff sought, by letter dated August 2, 2012, to reschedule Defendant Kwasnik's deposition for a date certain through mid-September 2012. (Pl.'s Br. 2.) However, Defendant Kwasnik never provided any available dates. (<u>Id.</u>) Plaintiff asserts that the efforts to depose Defendant Michael Kwasnik have been "met with delay, obstruction and outright defiance which has indefinitely delayed and prejudiced Colony's ability to bring this case to a conclusion." (Pl.'s Br. 7.) Plaintiff further contends that, without Defendant's deposition,

9

Plaintiff's "'ability to prepare effectively a full and complete trial strategy'" is [substantially] impeded." Chiarulli, 2010 WL 1371944, at *3 (citing Ware v. Rodale Press, Inc., 322 F.3d 218, 222 (3d Cir. 2003)). Additionally, the Court notes that Defendant's failure to appear at his court-ordered deposition caused Plaintiff to incur the additional expenses associated with the filing of this motion. Therefore, the Court finds that Defendant's failure to appear at the court-ordered deposition has substantially prejudiced Plaintiff's ability to proceed with its case.

"Under the third Poulis factor, the Court examines whether there is a pattern of dilatoriness. 'Extensive or repeated delay or delinquency constitutes a history of dilatoriness, such as consistent non-response to interrogatories, or consistent tardiness in complying with court orders.'" Chiarulli, 2010 WL 1371944, at *3 (quoting Adams v. Trs. of N.J. Brewery Emps.' Pension Trust Fund, 29 F.3d 863, 874 (3d Cir. 1994)(citing Poulis, 747 F.2d at 868)). Here, Plaintiff asserts that Defendant previously refused to appear at a scheduled deposition and that Plaintiff previously had to seek court intervention to compel Defendant Michael Kwasnik "to respond to Colony's document requests after they had been outstanding for several months." (Pl.'s Br. 7; see also Letter from Plaintiff [Doc. No. 36](noting Plaintiff's difficulties in

10

getting discovery responses from Defendant).) Additionally, Defendant failed to appear at the July 9, 2013 telephone conference.[5] (Minute Entry [Doc. No. 71] July 10, 2013.) Therefore, the Court finds there to be a history of dilatoriness and finds that the third Poulis factor weighs in favor of striking Defendant's answer and counterclaim.

"The fourth factor set forth in Poulis is whether [Defendant's] conduct is willful or in bad faith. In the context of discovery sanctions, willfulness and bad faith

---

[5] At the July 9, 2013 conference, David DeClement, Esquire, appeared by telephone. Plaintiff's counsel stated on the record that he provided Mr. DeClement notice of the conference because Plaintiff believed Mr. DeClement to be representing Defendant Kwasnik, Kanowitz, & Associates, P.C. However, Mr. DeClement stated on the record that he did not presently represent, nor intended to represent, any party in the case. Despite not representing any party in the case, Mr. DeClement stated to the Court that Defendant Michael Kwasnik filed a motion to reinstate his bankruptcy, which petition had previously been dismissed on June 14, 2013. Mr. DeClement further indicated that Defendant Michael Kwasnik believed that the bankruptcy stay was still in effect as a result of his motion and that Defendant Michael Kwasnik believed the stay excused his attendance at the conference. Plaintiff asserted that despite Defendant's belief regarding the bankruptcy stay, this Court scheduled the conference and Defendant was required to appear. Plaintiff also noted that by passing this information to Mr. DeClement, Defendant demonstrated that he had knowledge of the conference and willfully decided not to appear. The Court granted Plaintiff leave to make an application following Defendant's failure to appear. The Court notes that filing a motion to vacate an order dismissing a bankruptcy proceeding does not reinstate the automatic stay. See In re Hill, 305 B.R. 100, 104, 108 (Bankr. M.D. Fla. Apr. 4, 2003) (noting that an order of dismissal terminates "the automatic stay of § 362 of the Bankruptcy Code" and that a "motion to vacate the order of dismissal does not stay the effectiveness of the order dismissing the case.").

'involve[ ] intentional or self-serving behavior.' By contrast, 'negligent behavior' or 'failure to move with . . . dispatch' — even if 'inexcusable' — will not suffice to establish willfulness or bad faith." Chiarulli, 2010 WL 1371944, at *3 (quoting Adams, 29 F.3d at 875). "However, where the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the court, 'at the very least, renders [a party's] actions willful for the purposes of the fourth Poulis factor.'" Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. June 19, 2012)(adopting and restating this Court's report and recommendation)(citing Martino v. Solaris Health Systems Corp., No. 04-6324, 2007 WL 1959226, at *5 (D.N.J. June 29, 2007). Plaintiff asserts that Defendant had notice of this Court's May 7, 2013 Order, which ordered that Defendant's deposition occur before May 25, 2013. (Pl.'s Br. 8.) Moreover, as set forth supra, Plaintiff submitted delivery confirmations with respect to the notice of deposition and the Court's May 7, 2013 Order. (Declaration of Robert Walsh in Supp. of Pl.'s Mot. [Doc. No. 68-2] ¶¶ 4-5, Ex. B.) Plaintiff further asserts that Defendant has been sanctioned in other cases for failing to appear for deposition and in one case for attempting to remove a case to federal court in order to avoid a deposition. (Pl.'s Br. 8.) Plaintiff also contends that Defendant's conduct in this case

was willful and in bad faith and that Defendant's "conduct in this case is just one chapter in a larger story of delay and obstruction that Kwasnik has played out in numerous cases throughout the State of New Jersey for several years." (Id.)

Defendant has provided no justification for failing to comply with the Court's May 7, 2013 Order. The docket also contains no indication that Defendant failed to receive the Court's May 7, 2013 Order or Plaintiff's Notice of Deposition. During the relevant period, Defendant has actively participated in this case from that Florida address. (See Def.'s Opp'n to Pl.'s Mot. to Compel the Deposition of Michael Kwasnik [Doc. No. 61]; Letter from Plaintiff [Doc. No. 64] Ex. A.) Therefore, the Court finds that Defendant's failure "is not the result of negligence, but rather constitutes a willful failure to participate in this litigation." Hunt-Ruble v. Lord, Worrell & Richter, Inc., No. 10-4520, 2012 WL 2340418, at *5 (D.N.J. Jun. 19, 2012)(citing Jackson Hewitt, Inc. v. Adams, No. 04-3610, 2006 WL 1457989, at *3 (D.N.J. May 22, 2006) ("Defendant's failure to comply with the Court's order and his discovery obligations, as well as his failure to offer any explanations for his noncompliance must be construed as evidence of defendant's bad faith.")). In light of this conduct, the Court finds that Defendant's refusal to appear at the deposition is

13

not attributable to negligence, but instead rises to the level of willful and intentional conduct.

With respect to the fifth Poulis factor, the Court finds that alternative sanctions would be ineffective. Here, Plaintiff asserts that Defendant has repeatedly stated that he is unemployed and without resources. (Pl.'s Br. 9.) Moreover, Defendant has demonstrated a pattern of impermissible conduct in this case, including refusing to appear at depositions and failure to respond to discovery responses absent Court intervention. Furthermore, the Court notes that Defendant has not responded to Plaintiff's motion for sanctions, nor indicated an intention to do so. Therefore, the Court finds that monetary sanctions would be ineffective and that the striking of Defendant's answer and counterclaim is the appropriate remedy. See Williams v. Sullivan, No. 08-1210, 2011 WL 2119095, at *8 (D.N.J. May 20, 2011), adopted by, 2011 WL 2112301 (D.N.J. May 25, 2011), aff'd, 506 F. App'x 156 (3d Cir. 2012) (concluding that, "alternative sanctions would not prompt [p]laintiff to comply with his discovery obligations given his refusal to comply thus far even after being placed on notice that sanctions may be imposed."); see also Genesis Eldercare Rehab. Servs., Inc. v. Beam Mgmt., LLC, No. 07-1843, 2008 WL 1376526, at *2 (E.D. Pa. Apr. 9, 2008) (defendant "has demonstrated its complete neglect of its obligations as a litigant in this

matter. Given [defendant's] willful non-compliance, we do not believe that a monetary sanction would be sufficient in this case. . . . [A] sanction such as the award of attorney fees would do nothing to suddenly prompt [defendant's] compliance with the Court's orders.")

The final Poulis factor is the meritoriousness of Defendant's defenses and counterclaims. In addressing the meritoriousness of a pleading, courts consider whether "the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." Poulis, 747 F.2d at 869-70. A court, however, is not required to "balance both parties' claims and defenses" or "have a mini-trial before it can impose a default." Hoxworth, 980 F.2d at 922. Thus, where "both sides' positions appear[] reasonable from the pleadings," the "meritoriousness factor" is "neutral and not dispositive" in the Poulis analysis. See Curtis T. Bedwell & Sons, Inc. v. Int'l Fid. Ins. Co., 843 F.2d 683, 696 (3d Cir. 1988)(noting that "[t]here is no indication . . . that in order to meet the meritoriousness factor supporting dismissal in Poulis the defense must be compelling and, at all events, one Poulis factor is not controlling."). The Court notes that Defendant's answer denies the majority of Plaintiff's allegations, contains eighteen affirmative defenses, and contains the one remaining counterclaim for breach of contract.

15


(Answer, Cross claim, Counter claim, third party claim on behalf of defendants Michael Kwasnik and named law firms [Doc. No. 9].) The Court finds this factor to be neutral and not dispositive in the Poulis analysis. See Hoxworth, 980 F.2d at 922 (declining to require district courts to conduct "a mini-trial[,]" and noting that, "unless the pleading asserted a dispositive defense (or claim), the issue of meritoriousness would be neutral.").

As set forth supra, Poulis requires the District Court to balance the factors and no one factor is determinative. See Williams, 2011 WL 2119095, at *8 (citing Chiarulli, 2010 WL 1371944, at *4). Thus, in this case, the Court finds that, on balance, the Poulis factors warrant striking Defendant's answer and counterclaim. In addition, there being no basis to conclude that Defendant's failure was substantially justified and no other circumstances rendering an award of expenses unjust, the Court finds that Plaintiff shall be awarded reasonable expenses, including attorneys' fees, pursuant to Federal Rule of Civil Procedure 37(b). Therefore, for the reasons set forth supra, the Court respectfully recommends that the District Court grant Plaintiff's motion to strike Defendant Michael Kwasnik's answer and counterclaim, and that Plaintiff be awarded reasonable fees pursuant to Federal Rule of Civil Procedure 37(b).

Plaintiff additionally seeks default judgment "in favor of plaintiff Colony Insurance Company on all of

16

plaintiff's claims." (Proposed Order [Doc. No. 68-3].) Plaintiff's complaint seeks declaratory relief, fees, compensatory damages, and other such relief as the Court deems just, fitting, and proper.[6] (Compl. [Doc. No. 1] at 19-20.)

---

[6] However, the Court notes that Plaintiff's complaint demands relief in its favor:

    a.  Under Count I, declaring that the Policy, Policy No. E0406308, is rescinded *ab initio* on the basis of fraud, and, as such, Colony has no duty to defend or indemnify [Kwasnik, Kanowitz & Associates, P.C.] or any other insured or alleged insured under the Policy, with respect to any Underlying Action or with respect to any past, present or future "claim" made under the Policy;

    b.  Under Count I, awarding Colony an amount equal to (a) the amount expended by Colony to defend Kanowitz and Keltos against the Underlying Actions, less (b) the amount of the premium paid by KKA to Colony for the Policy;

    c.  Under Count II, awarding judgment based on the violation of N.J.S.A. section 17:33A-4(a), and awarding compensatory damages pursuant to N.J.S.A. section 17:33A-7(a), including, but not limited to, Colony's reasonable investigation expenses, costs of suit and attorneys fees, and treble damages;

    d.  In the alternative, under Count III, declaring the rights, duties, and obligations of the parties under the law, the Policy and the facts;

    e.  Awarding Colony its costs and attorneys' fees; and

    f.  Granting such other and further relief as this Court deems just, fitting and proper.

(Compl. [Doc. No. 1].)

However, Plaintiff's motion does not delineate the specific judgment requested. Therefore, the Court recommends that Plaintiff's request for default judgment be denied without prejudice to Plaintiff's right to refile a motion for default judgment in accordance with Federal Rule of Civil Procedure 55.

The Court finds further sanctions unwarranted at this time. With respect to Plaintiff's request that Defendant be held in civil contempt for failing to appear at his deposition, the Court finds Plaintiff's request to be moot in light of the Court's recommendation that the District Court strike Defendant's answer and counterclaim. Consequently, the Court recommends that Plaintiff's request that Defendant be held in civil contempt be dismissed as moot.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service pursuant to L. CIV. R. 72.1(c)(2) and FED. R. CIV. P. 72(b)(2).

                                         s/ Ann Marie Donio
                                         ANN MARIE DONIO
                                         UNITED STATES MAGISTRATE JUDGE

Dated: August 23, 2013

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| COLONY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>v.<br><br>KWASNIK, KANOWITZ &<br>ASSOCIATES, P.C., et al.,<br><br>    Defendants. | Civil No. 12-722 (NLH/AMD) |

**PROPOSED ORDER**

THIS MATTER comes before the Court by way of motion [Doc. No. 68] of Plaintiff Colony Insurance Company (hereinafter, "Colony") to strike Defendant Michael Kwasnik's (hereinafter, "Defendant") answer and remaining counterclaim for breach of contract and enter default judgment against him on the claims asserted in Colony's complaint, to hold Defendant in civil contempt, to order him to appear for a deposition at Plaintiff's counsel's office in New Jersey, to impose an appropriate monetary penalty in the event Defendant fails to comply, and to award fees and costs in connection with this motion; and the Court having considered the Report and Recommendation submitted by the Honorable Ann Marie Donio, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B) and (C); and the Court having considered the papers submitted by the parties; and for good cause shown;

IT IS on this 12th day of September, 2013 hereby

**ORDERED** that the Report and Recommendation is **ADOPTED**; and it is further

**ORDERED** that Defendant's Answer and Counterclaim shall be, and is hereby, **STRICKEN**; and it is further

**ORDERED** that Plaintiff's request for entry of default judgment shall be, and is hereby, **DENIED WITHOUT PREJUDICE**; and it is further

**ORDERED** that Plaintiff's request that Defendant be held in civil contempt shall be, and is hereby, **DISMISSED AS MOOT**; and it is further

**ORDERED** that Plaintiff shall be awarded reasonable attorneys' fees in connection with this motion; and it is further

**ORDERED** that Plaintiff shall submit an affidavit for fees within twenty (20) days of the entry of this Order, and Defendant may file any objection to such submission within twenty (20) days thereafter; and it is further

**ORDERED** that the Clerk of the Court shall enter default against Defendant Michael Kwasnik pursuant to FED. R. CIV. P. 55(a).

/s/ Noel L. Hillman
NOEL L. HILLMAN
UNITED STATES DISTRICT JUDGE